# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA,<br><br>Respondent. | Case No. 1:21-cv-01228-AWI-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

**I.**

**BACKGROUND**

Petitioner is currently confined at the Richard J. Donovan Correctional Facility. (ECF No. 1 at 1).[1] In the instant federal habeas petition, Petitioner appears to challenge the State Bar of California's decision declining to take disciplinary action against prosecutors involved in charging Petitioner in the Kings County Superior Court of a violation of California Penal Code section 4501.5 (battery on a non-confined person by a prisoner). Petitioner argues that the State Bar of California "erroneously failed to find that Petitioner['s] criminal prosecution by the Kings County District Attorney's Office is part of an ongoing practice of systemic racism where meritorious evidence favorable to the accused is intentionally lost and destroyed as a prosecuting strategy to secure convictions against minority prisoners." (ECF No. 1 at 5).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Cognizability in Federal Habeas Corpus

"Section 2241 establishes the general authority of the federal courts to issue habeas relief," Dominguez v. Kernan, 906 F.3d 1127, 1134 (9th Cir. 2018), and provides that habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3).

Here, Petitioner challenges the State Bar of California's decision declining to take disciplinary action against prosecutors in the Kings County District Attorney's Office rather than challenging Petitioner's prosecution, conviction, or the fact or duration of his confinement. Accordingly, Petitioner will be required to show cause why the Court has habeas jurisdiction over his challenge to the State Bar of California's decision.

### B. Younger Abstention

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008).

---

[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

The Ninth Circuit has held that the "logical implication" of Younger "is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980)). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown, 676 F.3d at 903 (internal quotation marks omitted) (quoting Carden, 626 F.2d at 84).

Here, it is unclear from the face of the petition whether Petitioner's criminal proceeding for battery on a non-confined person by a prisoner is ongoing. Accordingly, Petitioner must inform the Court whether Petitioner's criminal proceeding is ongoing, and if so, whether extraordinary circumstances make Younger abstention inappropriate.

**C. Exhaustion**

Habeas petitions are subject to an exhaustion requirement—either a judicially-created prudential one under 28 U.S.C. § 2241, Dominguez, 906 F.3d at 1135 n.9, or a statutory one under 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Thus, Petitioner must inform the Court whether his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

///

## III.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed based on Younger v. Harris, 401 U.S. 37 (1971), failure to exhaust state judicial remedies, and failure to state a cognizable federal habeas corpus claim.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **August 31, 2021**

UNITED STATES MAGISTRATE JUDGE