# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>THE STATE BAR OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:21-cv-01228-AWI-SAB-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, GRANTING LEAVE TO AMEND, AND DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2241 FORM |

## I.

## BACKGROUND

Petitioner is currently confined at the Richard J. Donovan Correctional Facility. (ECF No. 1 at 1).[1] On August 13, 2021, Petitioner filed the instant federal habeas petition wherein he appears to challenge the State Bar of California's decision declining to take disciplinary action against prosecutors involved in charging Petitioner in the Kings County Superior Court of a violation of California Penal Code section 4501.5 (battery on a non-confined person by a prisoner). (ECF No. 1). Petitioner argues that the State Bar of California "erroneously failed to find that Petitioner['s] criminal prosecution by the Kings County District Attorney's Office is part of an ongoing practice of systemic racism where meritorious evidence favorable to the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

accused is intentionally lost and destroyed as a prosecuting strategy to secure convictions against minority prisoners." (Id. at 5).

On August 31, 2021, the Court ordered Petitioner to show cause why the petition should not be dismissed based on Younger v. Harris, 401 U.S. 37 (1971), failure to exhaust state judicial remedies, and failure to state a cognizable federal habeas corpus claim. (ECF No. 10). On September 13, 2021, Petitioner filed his response. (ECF No. 11).

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases in the United States District Courts[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254.

**A.  Order to Show Cause**

In his response to the order to show cause, Petitioner states that he filed a habeas petition in the California Supreme Court raising the same claims as the instant petition and argues that Younger abstention is inappropriate because Petitioner's allegations demonstrate that extraordinary circumstances (*i.e.*, prosecution undertaken by state officials in bad faith without hope of obtaining a valid conviction) warrant federal intervention. The Court finds that Petitioner's response sufficiently addresses the Court's concerns regarding abstention and exhaustion such that summary dismissal is not warranted on these grounds.

Although Petitioner does not directly address how this Court has habeas jurisdiction over Petitioner's challenge to the State Bar of California's decision declining to take disciplinary action against prosecutors in the Kings County District Attorney's Office, Petitioner's response appears to indicate that Petitioner would like to directly challenge his ongoing prosecution for battery on a non-confined person by a prisoner. If so, the Court will grant Petitioner the

---

[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

1 opportunity to file an amended petition directly challenging his ongoing prosecution rather than
2 the State Bar of California's disciplinary decision. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir.
3 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it
4 appears that no tenable claim for relief can be pleaded were such leave granted.").

**B.  Proper Respondent**

Habeas Rule 2(a) provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The advisory committee's note further "spell[ed] out the various situations which might arise and who should be named as respondent(s) for each situation," including when the applicant is in jail, prison, or other actual physical restraint but is attacking a state action which will cause him to be kept in custody in the future rather than the government action under which he is presently confined." Habeas Rule 2, advisory committee's note to 1976 adoption. The advisory committee stated that in such a situation, the "named respondents shall be the state or federal officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody." Id.

In this case, Petitioner names the State Bar of California as Respondent. (ECF No. 1 at 1; ECF No. 11 at 1). A petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility and the Attorney General of California. See Dubrin v. California, 720 F.3d 1095, 1100 (9th Cir. 2013) (petitioner should be granted leave to amend petition to name proper respondent).

**III.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued on August 31, 2021 (ECF No. 10) is DISCHARGED;
2. Petitioner is GRANTED **THIRTY (30) days** from the date of service of this order in which to file a first amended petition; and

3.  The Clerk of Court is DIRECTED to send Petitioner a blank § 2241 petition.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **September 28, 2021**

UNITED STATES MAGISTRATE JUDGE