# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>MARCUS POLLARD, et al.,<br><br>Respondents. | Case No. 1:21-cv-01228-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>ORDER DENYING PETITIONER'S MOTIONS TO STRIKE<br><br>(ECF Nos. 17, 28, 31) |

Petitioner John Wesley Williams is proceeding pro se with a petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner is currently being tried in the Kings County Superior Court on a charge of battery on a non-confined person by a prisoner. (ECF No. 13 at 2[1]; LD[2] 1). On August 13, 2021, Petitioner filed a federal habeas petition wherein he appeared to challenge the State Bar of California's decision declining to take disciplinary action against prosecutors involved in charging Petitioner. (ECF No. 1). On August 31, 2021, the Court ordered Petitioner to show cause why the petition should not be dismissed based on Younger v. Harris, 401 U.S. 37 (1971), failure to exhaust state judicial remedies, and failure to state a cognizable federal habeas corpus claim. (ECF No. 10). On September 13, 2021, Petitioner filed his response. (ECF No. 11). On

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "LD" refers to the documents lodged by Respondent on December 14, 2021, and February 10, 2022. (ECF Nos. 19, 27).

1

1  September 29, 2021, the Court discharged the order to show cause and granted Petitioner leave
2  to file a first amended petition that names the proper respondents and directly challenges
3  Petitioner's ongoing prosecution. (ECF No. 12).

4  On October 14, 2021, Petitioner filed a first amended petition ("FAP"). (ECF No. 13).
5  Petitioner asserts that his "criminal prosecution by the Kings County District Attorney Office is
6  part of an ongoing practice of systemic racism where meritorious evidence favorable to the
7  accused is intentionally lost, destroyed, and suppressed as prosecuting strategy to secure
8  convictions against minority prisoners." (ECF No. 13 at 3). Respondent moves to dismiss the
9  petition based on Younger. (ECF No. 17). Petitioner filed an opposition and amended opposition.
10 (ECF Nos. 22, 25). Respondent filed a reply. (ECF No. 26). Petitioner also filed two motions to
11 strike Respondent's erroneous misinterpretation of facts. (ECF Nos. 28, 31).

## II.

## DISCUSSION

### A. Younger Abstention

15 In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a
16 pending state criminal proceeding, federal courts must refrain from enjoining the state
17 prosecution absent extraordinary circumstances. 401 U.S. at 45. See also Kowalski v. Tesmer,
18 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme
19 by preventing a state criminal defendant from asserting ancillary challenges to ongoing state
20 criminal procedures in federal court."). "Younger abstention is a jurisprudential doctrine rooted
21 in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of
22 Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008).
23 "Younger abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2)
24 the proceeding implicates important state interests; (3) there is an adequate opportunity in the
25 state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or
26 has the practical effect of enjoining the ongoing state judicial proceeding." Arevalo v. Hennessy,
27 882 F.3d 763, 765 (9th Cir. 2018). "But even where the Younger factors are satisfied, 'federal
28 courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary

1 circumstance that would make abstention inappropriate,'" such as "where the danger of
2 irreparable loss is both great and immediate." Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir.
3 2021) (some internal quotation marks omitted) (first quoting Arevalo, 882 F.3d at 765–66; then
4 quoting World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th
5 Cir. 1987)).

   Here, the parties do not dispute that the Younger factors are satisfied. However, Petitioner asserts that dismissal is not warranted because he has been subjected to the Kings County District Attorney's Office's ongoing practice of intentionally losing, destroying, and suppressing meritorious evidence favorable to the accused to secure convictions against minority prisoners such as Petitioner. (ECF No. 22 at 4; ECF No. 25 at 4–5). Petitioner contends that his claim is supported by a complaint filed by a deputy district attorney against the Kings County District Attorney for misconduct. (ECF No. 22 at 4–5). Respondent argues that Petitioner has not established that extraordinary circumstances warrant federal intervention because Petitioner has not shown that evidence was withheld from the defense, Petitioner is being prosecuted for discriminatory purposes or intent, or that the complaint against the Kings County District Attorney alleged racist practices. (ECF No. 26 at 2–4).

   In the opposition to the motion to dismiss, Petitioner relies on this Court's discharge of the order to show cause to argue that dismissal is not warranted. The Court notes, however, that its discharge of the order to show cause merely found "that Petitioner's response sufficiently addresses the Court's concerns regarding abstention and exhaustion such that *summary* dismissal is not warranted on these grounds." (ECF No. 12 at 2 (emphasis added)). This does not preclude the Court from finding abstention is appropriate now that the parties have had the opportunity to fully brief the issue and augment the record before this Court.

   In his declaration in support of the amended opposition to the motion to dismiss, Petitioner states that the prosecution intentionally failed to collect and preserve video footage from the Kings County courthouse where the incident, which led to Petitioner's criminal charge, took place. (ECF No. 25 at 12–15). Even if Petitioner does not have access to this video evidence, Petitioner has not established that his criminal prosecution was undertaken for

1 purposes of harassment or bad faith such that an exception to Younger is warranted. Petitioner
2 argues that the complaint filed by a deputy district attorney against the Kings County District
3 Attorney for misconduct supports his contention that his prosecution is a result of the Kings
4 County District Attorney's Office's racist practices. However, the complaint in Waggle v.
5 County of Kings, No. 21C-0282 (Kings Cnty. Super. Ct. filed Sept. 8, 2021), contains allegations
6 of sexual harassment and retaliation for rebuffing the District Attorney's sexual advances. There
7 are allegations that the District Attorney abused his prosecutorial discretion by interfering in
8 criminal prosecutions where he has a personal relationship with the victims or defendants, but
9 there are no allegations regarding misconduct in order to secure convictions against minority
10 defendants. (LD 4). Petitioner has not demonstrated that his criminal prosecution or the alleged
11 mishandling of the video evidence was based on Petitioner's race or that "similarly situated
12 individuals of a different race were not prosecuted."  United States v. Armstrong, 517 U.S. 456,
13 465 (1996).

14 To the extent Petitioner contends that his psychological trauma stemming from "being
15 criminally prosecuted for a bogus crime" constitutes irreparable injury, the Court finds that
16 Petitioner has not demonstrated an extraordinary circumstance that would make abstention
17 inappropriate. See Younger, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to
18 defend against a . . . criminal prosecution, could not by themselves be considered 'irreparable' in
19 the special legal sense . . . ."); Bean, 986 F.3d at 1133–36 (the Ninth Circuit has applied the
20 irreparable harm exception to pre-conviction habeas petitions involving a colorable claim that a
21 state prosecution would violate the Double Jeopardy Clause, a due process challenge to pretrial
22 detention in the context of a state civil sexually violent predator proceeding, and a due process
23 challenge to the forcible administration of antipsychotic medications).

24 Based on the foregoing, the Court should abstain from interfering with the state judicial
25 process pursuant to Younger, and dismissal is warranted on this ground.

26 **B. Motions to Strike**

27 In the reply, Respondent argues that prosecutors have broad discretion in deciding whom
28 to prosecute and what charges to bring. Respondent contends that although the Chief

1   Disciplinary Officer found Petitioner not guilty during institutional proceedings, that finding was
2   not based on the facts of the incident itself but rather because institutional time constraints had
3   not been met, and there is other evidence—correctional officer statements and reports of the
4   victim's injuries—that support the prosecutor's election to pursue charges against Petitioner.
5   (ECF No. 26 at 3).

6   After the reply was filed, Petitioner filed two motions to strike. (ECF Nos. 28, 31).
7   Petitioner contends that Respondent's statements in the reply are false. Petitioner asserts that the
8   rules violation report ("RVR") resulted in a not guilty finding based on Petitioner's account of
9   events and the officers' failure to cooperate during the investigative process that resulted in
10  insufficient evidence to support the charge. (ECF No. 28 at 2). Petitioner asserts that although the
11  RVR referenced the violation of time constraints, said violation was not the basis of the not
12  guilty finding. (Id. at 3).

13  Attached to the FAP is a copy of the disciplinary hearing results. (ECF No. 13 at 19–28).
14  The hearing was held on October 5, 2019, and hearing official Lieutenant S. Amador found
15  Petitioner "Not Guilty based on a preponderance of evidence." (Id. at 19, 24, 26–27). The
16  comments stated: "Given the inmates [sic] account of events and the lack of response from COR
17  officers via the Investigative Employee process, their [sic] is insufficient evidence to support the
18  findings." (Id. at 24). On October 15, 2019, Chief Disciplinary Officer A. Vasquez affirmed the
19  not guilty finding. (Id. at 27–28). However, his comments stated:

> On October 5, 2019, during Facility Lieutenant review of RVR log 6886118, Inmate Williams, V34099, Battery on a Peace Officer, it was determined time constraints had not be [sic] met resulting in a due process violation. The RVR initial copies were not served within 15 days. The RVR incident occurred on August 5, 2019 and the inmate was served his initial copy on August 22, 2019, 17 days after the incident date. The hearing was held on October 5, 2019.

24  (ECF No. 13 at 27).

25  Respondent stated that the *Chief Disciplinary Officer* found Petitioner not guilty based on
26  institutional time constraints not being met. (ECF No. 26 at 3). The disciplinary hearing results
27  reflect that although hearing official Lieutenant S. Amador may have found Petitioner not guilty
28  based on Petitioner's account of events and the officers' failure to cooperate, Chief Disciplinary

5

Officer A. Vasquez affirmed the not guilty finding based on the violation of institutional time constraints. Accordingly, Petitioner's motions to strike are denied.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 17) be GRANTED and the petition for writ of habeas corpus be DISMISSED without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971).

Further, the Court HEREBY ORDERS that Petitioner's motions to strike (ECF Nos. 28, 31) are DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 19, 2022**

UNITED STATES MAGISTRATE JUDGE