# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>MARCUS POLLARD, et al.,<br><br>    Respondents. | Case No. 1:21-cv-01228-AWI-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 17, 32) |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 20, 2022,[1] the Magistrate Judge issued Findings and Recommendation that recommended granting Respondent's motion to dismiss and dismissing the petition without prejudice based on *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 32). On May 13, 2022, Petitioner filed timely objections. (ECF No. 33).

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's

---

[1] The Findings and Recommendation was signed on April 19, 2022, but it was not docketed until April 20, 2022. (ECF No. 21).

1

objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed

debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on April 20, 2022 (ECF No. 32) is ADOPTED IN FULL;
2. Respondent's motion to dismiss (ECF No. 17) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;
4. The Clerk of Court is DIRECTED to CLOSE the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: ___September 14, 2022___          _____
                                            SENIOR DISTRICT JUDGE